## Case No. 9,989.

### MYERS et al. v. DUKER et al.

[1 Ban. & A. 535.] [1]

Circuit Court, D. Maryland. Oct., 1874.

PATENTS—EQUIVALENTS—CLAMPS FOR CIRCULAR SAWS—ROLLERS.

1. The complainant's patent was; for clamps, having a lateral elastic movement, independent of the roller beds of a circular saw, to which the clamps are attached, for the purpose of compensating for the varying thickness of different pieces of lumber, and keeping them in a proper relative position to the saw. The defendants used pressure rollers, having the same mode of operation, and performing the same functions as the clamps. The evidence showed no device prior to the clamps for accomplishing the result: Held, that the defendants infringed complainants' patent.

2. A patented mechanical device, by which a new result is produced, is infringed by the use of another device, which, although different in form, produces the same result by substantially the same means.

[This was a bill by Margaret Meyers and others against Otto Duker and others to restrain the infringement of certain letters patent, No. 10,965.]

Benjamin Price, for complainants.
L. M. Reynolds, for defendants.

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

GILES, District Judge. In this case, it is admitted, that defendants have infringed the first claim in complainants' patent, which bears date the 23d of May, 1854. This first claim is for the deflecting plates. The answer of defendants denied that they used any of the devices claimed by complainants and described in their patent, but their solicitor, in his argument, narrowed this defence, and limited it to an infringement of complainants' second claim, to wit: the clamps I, I. This claim is as follows: "We claim the employment or use of the clamps I I, arranged, as herein shown, or in an equivalent way, so as to have a lateral elastic movement, independent of the roller-beds to which said clamps are attached, for the purpose of compensating for the varying thickness of different pieces of stuff, and keeping them in a proper relative position to the saw." Such is the claim, and the models of complainants' saw, and defendants' saw, have been exhibited in court.

Now, it is apparent, from an inspection of them, that the pressure-rollers of defendants' machine, while different in their construction and form, have the same mode of operation, and perform the same function, as the clamps in complainants' machine. Were the clamps, then, the first device ever used for the purpose of keeping the plank in a proper relative position to the saw, and for compensating for the varying thickness of different pieces of stuff? If they were, then complainants are entitled to be protected against a device which effects the same substantial purpose by substantially the same mode of operation. The result could not be patented, but only the mechanical device by which it is attained; and no device is an infringement of the patent but such as produces the same result by the same mode of operation, although the form may be varied.

Judge Grier, in McCormick v. Talcott, 20 How. [61 U. S.] 405, says: "If the complainant be the original inventor of the divider, he will have a right, to treat as infringers, all who make dividers operating on the same principle, and performing the same functions by analogous means or equivalent combinations."

Now, there is no evidence in this case, that prior to the invention of Myers & Eunson, any device had been made or used, to keep the plank in a proper relative position to a circular saw, or which possessed a lateral elastic movement independent of the roller-beds, and, by that means, compensated for the varying thickness of different pieces of stuff. This was accomplished by the clamps described in the patent of Myers & Eunson. In the defendants' machine, the pressure rollers act on the same principle, and reach the same result, and, therefore, the defendants have infringed the second claim in complainants' patent.

I will, therefore, sign a decree, in favor of the complainants, and will refer the cause to

the master, that he may take an account of the profits.

[For other cases involving this patent, see note to Myers v. Frame, Case No. 9,991.]